## ABBOTT *v.* BUTLER.

A right of way, granted or reserved without limit of use, may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted.

TRESPASS *quare clausum.* Defence, a right of way in the *locus in quo.* Facts agreed. Butler and Chesley owned a tract of land bounded northerly by the highway leading from Durham to Dover, and southerly by a highway leading from Durham to the old Piscataqua bridge. Southerly from this tract, and across the last named highway, was a tract of land owned by Butler. A cart-path passed across Butler and Chesley's land from one highway to the other, and this was used by Butler to accommodate his land. Butler and Chesley conveyed the southerly part of their tract next the Piscataqua bridge road to the plaintiff " with a right of way, for all purposes, across said other adjoining land of the grantors to and from the old Dover and Durham road, being the old way now used, and with all the privilege of fitting, repairing, and keeping in repair said way, reserving to said James Butler and his children during their lives a right of way across the granted premises from the adjoining land of said James Butler to and from said adjoining land of said James Butler and Daniel Chesley." Butler, who conveyed with Chesley to the plaintiff, and who owned the lot to the south, was father of the defendant. The Butler lot had been used for agricultural purposes only, but there was upon it a ledge available for quarrying, and a ready market for the stone at Dover. The Piscataqua bridge road connected with the highway to Dover half a mile west of the plaintiff's land. The defendant with Butler's team hauled stone from the Butler lot across the plaintiff's land in the usual cart-path, and the land of Butler and Chesley to the Dover road; and this was the trespass complained of.

*Hall,* for the plaintiff.

*Hatch,* for the defendant.

ALLEN, J. The owner of a way on land of another is limited in its use to the terms of the grant from which the way is derived. If granted for one purpose, he cannot use it for another. *French* v.

*Marstin,* 24 N. H. 440; *Cowling* v. *Higginson,* 4 Mee. & W. 245; *Kirkham* v. *Sharp,* 1 Whart. 323; Wash. Eas. 185, 186. But while the terms of the grant cannot be enlarged beyond their natural meaning, they will not be so narrowed as to prevent the beneficial use by the grantee of what is granted, in the manner and for the purposes fairly indicated by the grant. *Senhouse* v. *Christian,* 1 T. R. 560; *Russell* v. *Jackson,* 2 Pick. 574, 577.

The reservation to the defendant was of a right of way across the plaintiff's premises. The use of the way was not limited, unless the fact that it terminated at one extremity at the land of the defendant's father was a limit of the use to the beneficial enjoyment of that land. The reservation of the way contained no expression limiting the use to carrying the annual crops from the land, or to agricultural purposes merely. It was a reservation of a right of way in general terms, and the construction of the grant must be broad enough to include any reasonable use to which the land might be devoted. The defendant might carry from the land over the granted way not only the products of the soil, but wood and stones, and whatever was naturally upon it.

The plaintiff's claim, that the defendant could not rightfully use the way for any purpose requiring passage beyond the Butler and Chesley land, cannot be sustained. Had the way been reserved for the benefit of that land, the defendant could not use the way to accommodate some other tract of land adjoining or lying beyond. *French* v. *Marstin,* 32 N. H. 316; *Davenport* v. *Sampson,* 21 Pick. 72; *Colchester* v. *Roberts,* 4 Mee. & W. 769. But the defendant's grant of a right of way, construed in the light of existing circumstances and by reference to the plaintiff's grant of a right of way over the Butler and Chesley land in the same deed, must have been made for the benefit of the James Butler tract of land; and the words "to and from" the Butler and Chesley land limited the direction and not the use of the way. The pathway, extending from one highway near the Butler land through the Butler and Chesley land to the other highway, was for the obvious purpose of accommodating the Butler tract, as well as the tract conveyed to the plaintiff. A right of way over that part of the pathway on the Butler and Chesley land was granted to the plaintiff, and the reservation of a right of way to the defendant over the plaintiff's land in the same deed, without designating its location, must be applied to the same pathway. There was no occasion for a right of way for the accommodation of the Butler and Chesley tract; and a right of way "from" the Butler tract "to and from" the Butler and Chesley tract was a right to pass and repass across the plaintiff's land to the line of the Butler and Chesley land, and thence as convenience or the rights of others might require. A different construction would so limit the defendant's grant as practically to defeat its operation. The grant or reservation was to Butler and his children, not to Butler and Chesley. It was for the benefit of

the Butler land, and its limitation of the way in one direction to the line of the Butler and Chesley land cannot control the right of passage beyond. On the facts stated there is

*Judgment for the defendant.*

CLARK, J., did not sit: the others concurred.