## GARDNER v. WEBSTER.

In determining the location of a private way, reserved in a deed by words which do not define its route, parol evidence showing the topography of the premises, the comparative benefit or injury to each party of any proposed location, and such other facts as may enable the court to read the reservation by the light under which the parties wrote it, is admissible.

Where the location and limits of a way reserved in a deed are not specified, a reasonably convenient and suitable way is intended.

TRESPASS *qu. cl.*, for crossing the plaintiff's field. Plea, the general issue, with a brief statement of a right of way. Facts found by the court.

The defendant owns farm No. 1, and the plaintiff owns farm No. 2, adjoining No. 1 on the east. The northern boundary of both is a highway. In 1882 the defendant, owning both farms, conveyed No. 2, " reserving the right to pass and repass at all time across the above described land to my pastures and the ' Point,' so-called." The defendant's grantee conveyed to the plaintiff. The lot called the Point is the most southern part of No. 1, and is bounded on the north by the pasture of No. 2, and on other sides by water. It had sometimes been a pasture under former owners. Sometimes it was divided by a fence, a part of it being a field and the rest a pasture. Sometimes no use was made of any part of it. Since 1870 it has not been divided by a fence, and the defendant has made but little use of it as a pasture. It was not used for that purpose in 1882, when he conveyed No. 2, and has never been divided into two pastures.

From 1868 to 1870 the defendant's father, owning both farms, and from 1870 to 1882 the defendant, owning both farms, used a path from the highway across the field of No. 2, to and across the south-east corner of No. 1, and thence across the pasture of No. 2 to the Point. The way reserved by the defendant in his conveyance of No. 2 must cross the plaintiff's pasture : the question is, whether it also crosses the plaintiff's field. The plaintiff's field and the defendant's pasture are adjoining lots, and are bounded northerly by the highway. Across the defendant's pasture from

its south-east corner to the highway is a path, A, older than path B, which runs from the same point across the plaintiff's field to the highway. Path A is shorter than B, but for loaded teams B is a little easier than A. The right of way claimed by the defendant over B would be a serious burden to the plaintiff, and of slight importance to the defendant, because he has on his own land the shorter path, A, which can be made as good as B at slight expense. If this evidence is competent, the reserved way does not cross the plaintiff's field.

The defendant, claiming that the reserved way is not subject to gates and bars, caused unnecessary and unreasonable damage by leaving the plaintiff's bars open.

*T. J. Whipple* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewell & Stone*, for the defendant.

CARPENTER, J. In determining what the parties to a deed or other contract intended by words of doubtful meaning, all the material surrounding circumstances are competent to be considered. The interpreter, by looking at the subject-matter of the contract from their standpoint, will the more readily ascertain the sense which they attributed to the language used. Evidence is admissible of all facts that will enable or aid the court to place itself in their situation. *Goodhue* v. *Clark*, 37 N. H. 533; *Lane* v. *Thompson*, 43 N. H. 320, 324; *Tenney* v. *Lumber Co.*, 43 N. H. 343, 350; *March* v. *Railroad*, 43 N. H. 516, 521; *Swain* v. *Saltmarsh*, 54 N. H. 16; 1 Green. Ev. s. 288.

The benefit to one party or injury to the other of a particular construction may be of decisive weight in determining whether it was intended. If a parcel of land conveyed is surrounded by the grantor's other land, an intention to grant a right of way is conclusively presumed. On the question whether a granted way is subject to gates and bars, their necessity or convenience to the grantor and inconvenience to the grantee may be considered. In this case there is no explicit provision on the subject, and it being found that gates and bars are reasonably necessary, the plaintiff is entitled to maintain them. *Bean* v. *Coleman*, 44 N. H. 539, 543, 547; *Garland* v. *Furber*, 47 N. H. 301, 304. On the question whether under a particular description land passes to the centre of a highway or to the thread of a stream, the trivial benefit to the grantor of the fee in the road-way or stream, and the great possible injury to the grantee from the want of it, are often circumstances of controlling weight. "Ordinarily," says *Ladd*, J., in *Woodman* v. *Spencer*, 54 N. H. 512, "the benefit to the grantor of retaining his right in the soil of the road would be so small as to be almost or quite inappreciable; ordinarily, the present actual inconvenience to the grantee, together with the possible and even probable damage

that may in the future result to him upon a discontinuance of the road, would be a matter of very considerable importance,—enough to interfere seriously, in most cases, with the price which could be obtained for the land. It is improbable that a man will insist on an exception, the only and certain effect of which must be to materially diminish the salable value of his land, when he is to gain nothing by it. It is improbable that two men have understandingly entered into a bargain which contains a stipulation plainly and clearly to the disadvantage of both. *A priori*, they would not be likely to do such a thing; therefore, *a posteriori*, it is not likely that they have done it. The language of their deed is to be read in the light of this improbability."

The location and limits of the reserved way are not specified. It is a reservation of a reasonably convenient and suitable way across the granted land to the place or places mentioned. The defendant is not necessarily entitled to the way which prior to his conveyance had been commonly used. *Smith* v. *Wiggin*, 52 N. H. 112; *Johnson* v. *Kinnicutt*, 2 Cush. 153.

The Point was sometimes used by the defendant as a pasture, and was inaccessible without crossing the land conveyed. He had one other pasture; but to reach it he had no need of a way across the plaintiff's land. He had nearer and more convenient access to it from the highway. It is not probable that he intended to reserve, or that his grantee understood he reserved, a way for which he had no occasion. The reservation shows upon its face that it was penned by a person unskilled in the use of written language. His use of the plural "pastures," instead of the singular, like his use of the word "time" for times in the same sentence, was a mere blunder. The same place was intended by "pastures" and "the Point so-called." The reservation is to be construed as if written "to my pasture or the Point so called." The defendant is entitled to a reasonably convenient and suitable way across the land conveyed to the Point. It should cross no more of the plaintiff's land than is reasonably necessary. As we understand the case, it is found that as matter of fact the way across the defendant's own pasture is reasonably convenient. The convenience of both parties is evidence of the locality of the defendant's way, and the conclusion reached at the trial upon this evidence, that he has no way through the plaintiff's field, necessarily includes a finding of the fact that the way through his pasture is reasonably convenient.

The defendant's right of way through the plaintiff's pasture does not authorize him to pass over all parts of the pasture at his pleasure. Its route through that lot is determined not by the sole interest of either of the parties, but by the reasonable convenience of both. If its location were contested, the controversy might not be settled by the negative result of many actions at law. Both parties, or either of them, might need a decree in equity that

would fix the route affirmatively and specifically. A decree could establish one route upon condition that the plaintiff make it passable, or contribute a certain part of the expense of its improvement, and could establish another route if the condition were not complied with. If it had been found that the rights of the parties resulting from and based upon their comparative and combined convenience required the plaintiff to bear a part or all the expense of improving the route through the defendant's pasture, the pleadings could have been amended for the admission of equitable relief. *Metcalf* v. *Gilmore*, 59 N. H. 417. But the finding for the plaintiff is not accompanied by any condition which calls for such amendment.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.