Rockingham,   }
July 1, 1952.   }   No. 4123.

### SANDOWN *v.* HARRY C. KELLEY & *a.*

*Grinnell & Grinnell* (*George H. Grinnell* orally), for the plaintiff.

*John W. Perkins* and *Everett P. Holland* (*Mr. Perkins* orally), for the defendants.

DUNCAN, J. The defendants' general exception presents no question of the sufficiency of the evidence to sustain the findings and decree; the issue to be determined by this court is whether there are errors of law apparent upon the face of the findings and rulings made. *Eastman* v. *Waisman*, 94 N. H. 253, 254.

While the Trial Court found that the way in question had been used continuously for more than twenty years, there was no ruling it was a public highway, nor did the relief sought by the plaintiff's bill call for such a ruling. Moreover it may be doubted whether the evidence would warrant such a ruling. *Wason* v. *Nashua*, 85 N. H. 192.

It is plain that the plaintiff acquired a right of way by grant the use of which might extend to "all necessary purposes of entrance and egress." Under these circumstances, the rights of the parties are to be determined "by reference to the rule of reason." *Sakansky* v. *Wein*, 86 N. H. 337, 339. See *True* v. *McAlpine*, 81 N. H. 314. The Trial Court found that the use made of the plaintiff's land prior to trial was not unreasonable, and ruled that while the easement might not be converted into a public way by general use, it could be used "for all purposes to which dominant [tenement] could be devoted." The requirement of reasonable use is implied

420

in this definition of the plaintiff's right (*Abbott* v. *Butler*, 59 N. H. 317), and the decree for the plaintiff implied a ruling that the use disclosed by the evidence was reasonable.

The exceptions present no error of law.

*Exceptions overruled.*

All concurred.