Sullivan,
No. 5001.

### ELLIS R. SPAULDING & a.

*v.*

### WALTER CLARK, JR. & a.

Argued December 5, 1961.

Decided January 29, 1962.

*Shulins & Duncan* (*Mr. Duncan* orally), for the plaintiffs.

*Howard B. Lane* (by brief and orally), for the defendants.

LAMPRON, J. The issue to be decided is whether the defendants who own a lot which does not abut on Sand Pond have the right to cross plaintiffs' property to reach its shore.

The lots owned by the parties were originally part of an eighteen-acre tract owned by a common predecessor in title, the Perkins Brothers, James M. and Waldo H. Perkins. They conveyed the lot now owned by the plaintiffs to Herbert N. Flagg on June 16, 1911 "Reserving the right to cross & recross said land when needful." Flagg conveyed to Barrett on October 17, 1917 "Excepting a reserved right to cross when needful, by James M. Perkins and

Waldo Perkins." After an intervening conveyance with the same exception, Alston W. Barrett conveyed to the plaintiffs on August 25, 1958 "Subject to a right to cross this land when needful if any such right exists to James M. Perkins and Waldo Perkins."

Defendants obtained their title, on March 22, 1954, from the widow of Waldo H. Perkins who then owned all the interest which her late husband and James M. Perkins had in this property. Her deed granted to the defendants "a right to cross land of A. F. Barrett [now owned by plaintiffs] when needful, as reserved in deed of James M. and Waldo Perkins, to Herbert N. Flagg."

There was evidence that the right of way over plaintiffs' land claimed by the defendants is their only means of reaching Sand Pond. There was further evidence that defendants' grantor, the widow of one of the original common owners of the eighteen-acre tract, told him "there was a right of way that went down through by the Barretts [now Spauldings]." Defendant Walter Clark testified that after he bought his property in 1954 he used the claimed right of way over the property now owned by the plaintiffs and that Barrett knew of this use and never questioned it. Plaintiff Ellis R. Spaulding knew that the Clarks were going over this lot to get to the beach when he bought it in 1958.

It was the duty of the Court to place itself as nearly as possible in the situation of the parties at the time the instruments were made to gather their intention from the language used viewed in the light of the surrounding circumstances. *North Hampton District* v. *Society*, 97 N. H. 219, 220.

So doing the Court properly found and ruled that defendants' predecessors in title had reserved a right of way over the land now owned by plaintiffs to reach the shore of Sand Pond. Furthermore it could also properly find and rule that this right was for the benefit of and appurtenant to the lot now owned by the defendants and was conveyed to them when they purchased it. Finally it properly ruled that plaintiffs obtained their title subject to this right of way and dismissed their petition. *Sanborn* v. *Keroack*, 103 N. H. 297, 301.

*Exception overruled.*

All concurred.