Merrimack,
No. 5034.

JOHN H. CRAGIN & a.

*v.*

C. GEORGE WOOLLETT & a.

Argued May 1, 1962.

Decided June 29, 1962.

*Leahy & Denault* (*Mr. Albert D. Leahy, Jr.* orally), for the plaintiffs.

*Donald G. Matson* and *George P. Cofran* (*Mr. Cofran* orally), for the defendants.

BLANDIN, J.  The fundamental question before us, as to whether the evidence supports the Master's findings and rulings, requires an examination of the record.

The plaintiffs and defendants all have a common ancestor in title, Harry S. Watkins.  On August 27, 1925, Watkins conveyed to the plaintiff John Cragin and C. H. Goldthrite a tract of land on Blaisdell Lake in Sutton, New Hampshire, hereinafter known as Tract #1, which was bounded and described as follows:

"Biginning at iron pin in a stone on the shore of said lake thence running southerly 48 feet to iron pin in stone — thence westerly by land of said Watkins land 80 feet to iron pin in stone — thence northerly by right of way 40 feet to iron pin in stone — thence easterly by land of said Watkins 80 feet to first named bound the said Goldthrite and Cragin have the right of way to cross land of said Watkins at any and all times."

As later appears, the former Watkins tract to the north of this lot is now owned by the defendants, C. George and Evelyn L. Woollett.  The tract bounding #1 on the south, hereinafter known

as Tract #2, was deeded by Watkins to the plaintiff John Cragin and Goldthrite on August 18, 1927. It was bounded on the south by the land of Elizabeth Woodward and described as follows:

"A certain tract of land located on the shore of Blaisdell Lake in Sutton, N. H. Bounded and discribed as follows — Beginning at a iron pin on the shore of said lake running southerly 48 feet to iron pin and land of Elizabeth Woodward — Thence running westerly 80 feet to iron pin — Thence northerly 40 feet to iron pin — Thence easterly 80 feet to first named bound."

There is no mention here of any right of way across what is now the defendants' land.

Both of these tracts, at the time they were conveyed, were reached from the state highway by a rough road running north and south over Watkins' land and lying westerly of the plaintiffs' property. This road was later accepted by the town and named Watkins Avenue, but when the deeds were passed it had no name. The layout of the road by the town left a narrow strip between it and the plaintiffs' tracts 80 feet long from north to south, 11 feet wide at the north end and 22 feet wide at the south end.

On June 14, 1935, Watkins deeded this strip, hereinafter called plaintiffs' Tract #3, to John Cragin and Goldthrite. It is described as running "north-westerly by said Watkins Avenue, a distance of 80 feet." Again there is no mention of any right of way across what is now the defendants' property.

After the death of Goldthrite, his widow deeded her share of all three of the above lots to the plaintiff John Cragin on April 7, 1953 and he, at the same time, deeded them to himself and his wife, the plaintiff Catherine. The description of these lots in the deeds followed the descriptions in the three original deeds from Watkins to Cragin and Goldthrite.

The two tracts immediately south of the plaintiffs' lands were conveyed by Watkins to Elizabeth A. Woodward, the first on August 27, 1925, the same date as the first conveyance to the plaintiff John Cragin and Goldthrite, and the second on September 11, 1926. The first deed, covering a lot of land hereinafter to be known as Woodward's #1, included "the right of way across said Watkins land at all times," but the deed of the second lot, hereinafter known as Woodward's #2, included no such grant but was bounded on the west by a "right of way." Both parcels had the same depth of 80 feet as the plaintiffs' lots. On November 6, 1930, Watkins deeded to Woodward a strip lying between her two lots

and what is now Watkins Avenue. Again there was no mention of any right of way across that portion of Watkins' land which is now the defendants' property.

The plaintiff John Cragin testified unequivocally that Mrs. Woodward entered the lot she first purchased on August 27, 1925 — the same day the plaintiff made his first purchase — directly from Watkins Avenue. He added that to do so she came in from the state road, "the same road that [he] did," passing by what is now the defendants' lot and then by the plaintiffs' #1 and #2 lots, without crossing them.

Watkins retained the tract next north of plaintiffs' #1 lot until his death. It apparently then passed to his brother, and upon his decease to his brother's wife. She conveyed it to Dorothy Killam on September 6, 1940. There was a reservation in the deed of a six-foot passway on the north of the lot from Watkins Avenue to the lake, but no mention of any right of way such as claimed by the plaintiffs now. Mrs. Killam, on September 23, 1955, deeded to the defendants. In this instrument also there is no mention of the right of way claimed by the plaintiffs.

The deed of plaintiffs' first tract, as previously stated, describes its westerly boundary as running "northerly by *right of way* 40 feet to iron pin . . . . " (Emphasis supplied).

As the plaintiffs assert in their brief, "The evidence is uncontradicted that in the descriptive reference to the plaintiffs' westerly boundary . . . wherein it states 'thence northerly by right of way 40 feet,' the right of way referred to was the right of way which subsequently became known as Watkins Avenue, although actually not being named that at the time of the conveyance . . . . "

The Master, in reaching his conclusions, had before him in addition to the above, the other deeds from Watkins to the plaintiff John Cragin, to Mrs. Woodward, and the conveyance by Alice Watkins to the defendants' predecessor in title. In none of these instruments was there mention of a right of way such as the plaintiffs claim across that portion of Watkins' land which the defendants now own. The Master also had a view of the premises and heard the testimony of witnesses.

It was his duty to consider all this evidence and in construing the disputed deed to place himself as nearly as possible in the position of the parties at the time the instrument was executed, to gather their intention in the light of all the circumstances. *North Hampton District* v. *Society*, 97 N. H. 219, 220. The sharp conflicts

in the testimony were for him to resolve. *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491, 493. In so doing, he could accept or reject such portions of the testimony as he saw fit (*Giguere* v. *Railroad,* 86 N. H. 294, 298), and he was not bound to believe uncontradicted evidence. *Bill* v. *Company,* 90 N. H. 453, 456-457.

It is true that the interpretation of a deed presents a question of law for this court, and the Master's conclusion is reviewable here. *Hogan* v. *Lebel,* 95 N. H. 95. However, upon the entire record we believe his decisive finding is sustainable that the right of way "to cross Watkins' land at any and all times" meant the right to use what is now Watkins Avenue, which then ran through his land west of the tracts of the plaintiffs and the defendants. This interpretation satisfies the description in the deed of "the right of way to cross land of said Watkins at any and all times." The Master's subsidiary finding that Watkins Avenue then ran in part, at least, along the westerly boundary of the plaintiffs' lot, was also permissible. With the Master's construction of the disputed deed we are therefore content. *Hogan* v. *Lebel, supra.*

It follows that his exclusion of the plaintiffs' proffer of parol evidence relating to a matter he found that the parties plainly covered in the description in the deed, was proper, and the plaintiffs' exceptions thereto are overruled. *Herbert* v. *Steele,* 74 N. H. 409; 9 Wigmore, Evidence, 3d *ed.,* s. 2430.

The plaintiffs' final exception to the finding that they had no prescriptive rights to cross over the defendants' property does not require extended consideration. The record again contains conflicting evidence upon this issue, and the Master was entitled to believe the defendants' version. *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491, 493.

The order is

*Decree affirmed.*

DUNCAN AND LAMPRON, JJ., dissented; the others concurred.

DUNCAN AND LAMPRON, JJ., *dissenting:* At the hearing before the Master there was evidence that when the plaintiff received his first deed in 1925 there were two rights of way in the vicinity of the land conveyed to him, either of which answered the description of a "right of way to cross land of Watkins." One of these passed along the

west boundary of the plaintiff's land, and was used to reach the Richardson land to the south. The other branched off from the first one before reaching the plaintiff's land and entered it across its northerly boundary. This way was used by the plaintiff for many years before the defendants' southwest corner was established and Watkins Avenue was laid out.

In these circumstances parol evidence was admissible to identify the way intended by the parties to the deed in 1925. *French* v. *Hayes*, 43 N. H. 30. "The meaning of the deed being doubtful, parol evidence of a competent character is admissible to show the meaning . . . For such purpose evidence of acts and statements preliminary to the writing or in the course of negotiations . . . and of the conduct of the parties afterwards as a practical construction of the instrument . . . is to be admitted." *Smart* v. *Huckins*, 82 N. H. 342, 347. See also, *Pettee* v. *Chapter*, 86 N. H. 419, 431; *Sanborn* v. *Keroack*, 103 N. H. 297, 301.

The plaintiff offered to prove that Watkins told him when he was buying the land "that he would have a right to use this driveway [across the north boundary] to get into his property." Upon objection the evidence was excluded subject to plaintiffs' exception. In our opinion the evidence should have been received, and we would sustain the plaintiffs' exception.