Belknap
No. 6451

BARTON'S MOTEL, INC. v. SAYMORE TROPHY CO., INC.

June 29, 1973

*Nighswander, Lord, Martin & KillKelley* and *Michael C. Murphy* (*Mr. Murphy* orally) for the plaintiff.

*Snierson, Chandler & Copithorne (Mr. John P. Chandler* orally) for the defendant.

LAMPRON, J. Petition for declaratory judgment and injunction pertaining to plaintiff's right of way over land of the defendant. Plaintiff owns a 60-acre tract lying about 1000 feet southeasterly of Union Avenue, a public street in Laconia. Defendant's land, also called Johnson Field, has a frontage of 150 feet on the southeast side of Union Avenue and extends to a depth of about 1000 feet to the Gilford line where it abuts plaintiff's land.

The right of way in question was created in 1947 by the then common owner of both parcels. In a deed to a predecessor in title of the plaintiff this common owner conveyed part of his land, "together with a right to pass and repass on foot or by vehicle in common with others over land of the grantor [now defendant's] from Union Avenue along a strip fifty feet in width adjoining land of ... [Davis and Laconia Milling] and being the northeasterly portion of a one hundred fifty foot strip of land on a plan ... to be recorded, said strip of land being known as 'Johnson Field'." The specific issue in controversy is whether the plaintiff is entitled to the use of the entire 50-foot width of right of way free from any interference or obstruction by the defendant.

The Trial Court (*Johnson,* J.), after a hearing and view, made certain findings and rulings and decreed that plaintiff's right of way should extend 30 feet in width from the adjoining property and that the remaining 20 feet of the 50-foot strip could be utilized by the defendant for any purpose which would not interfere with the plaintiff's use of its above described way. Plaintiff's exceptions to findings and rulings of the court were reserved and transferred.

Plaintiff's first contention is that the language creating the easement is unambiguous and as a matter of law grants a right of way of 50 feet in width with the right to use any and all of that 50-foot strip of land unobstructed by the defendant. To sustain this contention the plaintiff must point to language in the deed which clearly and definitely fixes the width of the right of way as being 50 feet. 3 Tiffany,

Real Property § 802 (3d ed. 1939); 3 Powell, Real Property § 415, at 500 (1970). The meaning and legal effect of the grant is a question to be determined by this court. *Kennett Corp. v. Pondwood, Inc.,* 108 N.H. 30, 31, 226 A.2d 783, 784 (1967). We hold that the grant of "a right to pass and repass on foot or by vehicle in common with others . . . along a strip of land fifty feet (50') in width" fixed the outward limits wherein the right of way was to be exercised, but is ambiguous as to whether the use of the whole 50-foot width was granted for this purpose. *See Cragin v. Woollett,* 104 N.H. 202, 206, 182 A.2d 457, 460 (1962).

In such a situation a reasonably convenient and suitable way across the servient land is presumed to be intended. *Sakansky v. Wein,* 86 N.H. 337, 169 A. 1 (1933); *Sandown v. Kelley,* 97 N.H. 418, 89 A.2d 758 (1952); 3 Tiffany, Real Property § 804, at 328 (3d ed. 1939). This presents a question of fact to be determined by the trial court considering all the surrounding circumstances. These include the location and uses of both dominant and servient estates and the advantage to be derived by one and the disadvantage to be suffered by the other owner. *Gardner v. Webster,* 64 N.H. 520, 15 A. 144 (1888); *Sakansky v. Wein, supra* at 339, 169 A. at 2. The trial court could also properly consider any information gained from its view of the premises. *O.K. Fairbanks Co. v. State,* 108 N.H. 248, 251-52, 234 A.2d 108, 111 (1967).

The fundamental question before us on this issue is whether the evidence supports the trial court's findings and rulings. The plaintiff points to the trial court's findings that its land is ideally suited for use as residential development and at the time the right of way was created in 1947 the parties knew or should have known that its property would in all likelihood be utilized for that purpose at some time in the near future. Plaintiff also calls attention to evidence by an assistant engineer of the city of Laconia that in his experience, starting in 1941, streets of 50 feet or more in width were advocated by the department.

However, the court also found that defendant's predecessor in title who granted the way "did not intend to give up the property for a public street but rather intended that

plaintiff's predecessor have only a private right of way." In that respect, the record reveals no designation by the parties of the way as a "street" or "proposed street". There was also evidence, and a finding by the court, that if the defendant desires to expand its present building it "could much more economically and practically expand in the direction of the strip in question rather than in other directions." Finally there was evidence that the city of Laconia did not codify by ordinance its requirement for a 50-foot street until 1950, three years after the creation of this right of way, and provided that the city engineer could modify the width requirement under certain conditions.

We cannot say as a matter of law on the record that the findings, rulings and decree of the trial court were not warranted. The order is

*Decree affirmed.*

All concurred.