Belknap
No. 88-396

REGINALD A. BISSON & a.

v.

LACONIA INVESTMENT PROPERTIES, INC.

June 13, 1989

*Nighswander, Martin & Mitchell P.A.*, of Laconia (*Nancy L. Ball* on the brief and orally), for the plaintiffs.

*Wescott, Millham & Dyer*, of Laconia (*Peter V. Millham* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiffs, Reginald and Francis Bisson, appeal from a decision of the Superior Court (*McHugh*, J.) approving a report by the Master (*Mayland H. Morse, Jr.*, Esq.). The report found that a reserved easement in favor of the defendant, Laconia Investment Properties, Inc., contained in a deed conveying property to which the Bissons are successors in title, allowed for uses

unconnected with pasturage. For the reasons which follow, we affirm.

In 1849, John Smith, the owner of a tract of land on Paugus Bay, then Long Bay, conveyed to Boston, Concord & Montreal Railroad land encompassing a railroad layout over the tract, together with the parcel between the railroad layout and the bay. He conveyed the land, which had been part of his pasture, by a deed

> "reserving the right to cross said Railroad in such way as not to interrupt the running of the trains thereon and reserving also a right to the water of said bay and the said Corporation is to so construct and maintain its road as to afford suitable watering accommodations for said Pasture at all times and also reserving the wood on said land with the right to cut the same at pleasure not interrupting the running of the cars. And it is further agreed and stipulated that no buildings shall ever be erected on the land hereby conveyed for any purpose except for business connected with the road and not for a dwelling."

The Bissons acquired title to land fronting on Paugus Bay from the railroad's successor in title on August 13, 1956. The land was conveyed to them by a warranty deed which provided that the "conveyance is made subject to the reservations and commitments set forth in a deed from John Smith to Boston, Concord & Montreal Railroad. . . ."

Laconia Investment Properties, Inc. (Laconia Investment) acquired title in September 1984 and May 1985 to the parcel which had been retained by John Smith. On March 12, 1987, Laconia Investment and L. John Davidson filed a self-serving document of no legal consequence in this case, entitled "Clarification of Record Notice of Easement and Rights of Use," in the Belknap County Registry of Deeds. In it, they asserted a right to exercise the rights reserved in the deed and "such other rights as have been acquired over said property by useage [sic]." The defendant at that time intended to use shore frontage property for the benefit of its real estate development South Down and South Down Shores. The defendant now concedes, however, that whatever rights are reserved in the deed benefit only the part of the original pasture tract which had been retained by John Smith, and not the entire South Down development.

On June 2, 1987, the plaintiffs filed a petition to quiet title alleging that the easement had been abandoned or, in the alternative, that the defendant's rights were limited to those reserved in the deed; namely, the right to bring cattle to the bay

for water and the right to cut trees to facilitate such access. Following a hearing, the master, after noting the plaintiffs' admission that they could not prove abandonment of the easement, concluded that the language in the deed created a valid appurtenant easement. *See Burcky v. Knowles*, 120 N.H. 244, 247, 413 A.2d 585, 587 (1980). Rejecting the plaintiffs' interpretation of the deed, the master concluded that the easement clearly and unambiguously established four rights. These were:

"1. The right to cross the property.
2. The right to 'water of the bay'.
3. The right to 'afford suitable watering accommodations for said pasture'.
4. The right to cut wood 'on said land with the right to cut some [sic] at pleasure. . .'."

The master found that the easement permitted access for fishing, swimming, skating and other water-connected activities, as well as reasonable use and enjoyment of the beach. It also reserved a right to traverse the property to obtain water for irrigation of the land area surrounding defendant's subdivision on the remainder of the original tract. The master limited the defendant's access to the northerly one-third of the property and prohibited vehicular traffic. This appeal followed.

On appeal, the plaintiffs raise a single issue: whether the court erred in holding that the deed conveying the land fronting on Paugus Bay reserved extensive rights to use the land beyond those connected with pasturage. It is the plaintiffs' contention that the sole right reserved by the deed is the "right to cross the railroad tracks in order to water cattle." According to the plaintiffs, the four clauses in the deed, deemed distinct "rights" by the court, merely "describe[ ] how [the single] right is to be exercised and . . . make clear what the parties' obligations are in connection with that reserved right." The plaintiffs argue that because the deed does not reserve four distinct rights, but rather, "clearly, unambiguously and thoroughly describes one right, the right to use the land for pasturage," the court erred in allowing uses which were unrelated to the purpose specifically intended to be furthered by the easement. *See Abbott v. Butler*, 59 N.H. 317 (1879); *French v. Marstin*, 24 N.H. 440 (1852).

In order to determine whether the deed reserved only one right, the right to use the land for pasturage, we must determine the meaning of the deed intended by the parties at the time they

wrote it. *Thurston Enterprises, Inc. v. Baldi*, 128 N.H. 760, 765, 519 A.2d 297, 301 (1986). "In order to construe or give consistent effect to the language of the deed, the finder of the facts must place himself as nearly as possible in the position of the parties at the time of the conveyance and gather their intention in light of the surrounding circumstances." *Frew v. Dasch*, 115 N.H. 274, 278, 339 A.2d 18, 20 (1975). In the instant case, however, the only evidence of the parties' intent in drafting the easement is the deed itself. We therefore examine the language of the deed, understanding that its intended meaning is a matter of law for this court to determine. *Thurston Enterprises Inc.*, *supra* at 765, 519 A.2d at 301. Upon examining the deed, we reject plaintiffs' contention.

The plaintiffs begin their argument by noting that the deed itself states that the tract of land which was owned by John Smith, part of which was conveyed to the railroad, was a "pasture" at the time of conveyance. According to the 1850 edition of the American Dictionary of the English Language, the word "pasture" was understood to mean the grass or the ground for feeding or grazing cattle. Thus, the plaintiffs conclude that the drafters of the easement understood the word "pasture" in this context, and that John Smith had therefore used the land at the time of the conveyance for the feeding or grazing of his cattle. Yet even if John Smith indeed had used the tract for pasturing cattle, it does not follow, as plaintiffs argue, that his intention in drafting the easement was to restrict his use of the land to activities connected with pasturage, and it is here that we diverge from the plaintiffs' reasoning. The third right reserved by the deed, the right to require the "Corporation" to "so construct and maintain its road as to afford suitable watering accommodations for said pasture at all times," by its language connects the right with the pasture. The other clauses, however, do not explicitly refer to the pasture in reserving rights of use, and we find no reason to infer an intent to limit those rights granted to uses connected with pasturage.

In fact, we find evidence from the language of the deed that broader uses were intended. While the third clause reserves to John Smith and his successors in interest the right to "suitable watering accommodations for said pasture," the clause immediately preceding it reserves a right simply "to the water of said Bay." If the right to the water of the bay reserved a right only to bring cattle to the water, as plaintiffs argue, the drafters of the easement need not have included this broadly worded clause, as it would have been surplusage given the express right to watering accommodations. *See Lyford v. Laconia*, 75 N.H. 220, 222, 72 A. 1085, 1088

(1909) (in construing a deed meaning is given to every part if possible). Although plaintiffs argue it is unlikely that John Smith intended to "go boating" in the bay, his reservation of a general right to the water is consistent at least with an intent to make use of the bay for swimming, fishing or cutting ice, and is not inconsistent with his use of the pasture as a grazing or feeding area for cattle.

Similarly, we find it difficult to understand why the drafters would have used such broad language in drafting the fourth clause, by which John Smith reserved "the wood on said land with the right to cut the same at pleasure, not interrupting the running of the cars," if they had intended to ensure only that his cattle had adequate access to the water. The language of the deed sets forth a broad right to cut wood "at pleasure," and the cutting of wood is not inconsistent with use of the land as a pasture. Given the lack of evidence of an intent to qualify the language of the deed, we find no basis to conclude that the right was intended to be so limited, as argued by the plaintiffs.

 In conclusion, we hold that the court was correct in finding that the easement was not intended to reserve only one specific right, that of bringing cattle to the bay, and that each clause found in the easement reserved a distinct right. In giving content to the rights reserved in the easement, the finder of fact must determine what constitutes "reasonable" use "in light of the surrounding circumstances, including the location and uses of both parties' property, and by taking into consideration the advantage of one owner's use and the disadvantage to the other owner caused by that use." *Delaney v. Gurrieri*, 122 N.H. 819, 821, 451 A.2d 394, 395 (1982). In the instant case, the master concluded that the easement reserved a right of access to the bay for water-based activities and a right to obtain water for irrigation of the original tract. The master also formulated restrictions regarding where and in what manner access could be obtained. Since the plaintiffs do not challenge the master's findings as to what constitutes a "reasonable" exercise of the rights, but challenge only the finding that the deed reserved rights which were not limited to the purpose of pasturage, we do not address the issue of "reasonable use."

*Affirmed.*

All concurred.