Belknap,
Nov. 7, 1933.

Isaac Sakansky & a. v. Robert Wein & a.

338

*Demond, Woodworth, Sulloway & Rogers* and *Harold E. Wescott,* (*Mr. Jonathan Piper* orally), for the plaintiffs.

*Fortunat E. Normandin, Jewett & Jewett* and *Arthur H. Nighswander* (*Mr. Normandin* orally), for the defendants.

WOODBURY, J. In this state the respective rights of dominant and servient owners are not determined by reference to some technical and more or less arbitrary rule of property law as expressed in some ancient maxim, (*Franklin* v. *Durgee*, 71 N. H. 186, 189; *Horan* v. *Byrnes*, 72 N. H. 93, 97), but are determined by reference to the rule of reason. The application of this rule raises a question of fact to be determined by consideration of all the surrounding circumstances, including the location and uses of both dominant and servient estates, and taking into consideration the advantage to be derived by one and the disadvantage to be suffered by the other owner. *Bean* v. *Coleman*, 44 N. H. 539; *Garland* v. *Furber*, 47 N. H. 301; *Abbott* v. *Butler*, 59 N. H. 317; *Whittier* v. *Winkley*, 62 N. H. 338; *Joyce* v. *O'Neal*, 64 N. H. 91; *Gardner* v. *Webster*, 64 N. H. 520; *Low* v. *Streeter*, 66 N. H. 36; *Jewell* v. *Clement*, 69 N. H. 133. The same rule has been applied to easements other than rights of way; for example, to aqueduct rights (*Stevenson* v. *Wiggin*, 56 N. H. 308; *Olcott* v. *Thompson*, 59 N. H. 154); to rights of flowage, both as to surface water (*Franklin* v. *Durgee, supra*); and as to water in a stream (*Chapman* v. *Company*, 74 N. H. 424). In the somewhat analogous cases involving the reciprocal rights of adjoining owners the same principle has been applied. *Horan* v. *Byrnes, supra; True* v. *McAlpine*, 81 N. H. 314. The master's general rulings of law are in accordance with the foregoing and are therefore correct.

The error arises in the application of the above principle to the situation presented in the case at bar.

Implicit in the master's findings of fact is the finding that it is reasonable for the plaintiff to have access to the rear of its premises for vehicles over eight feet high. The master has applied the rule of reason to deflect this reasonable use over the new way which the defendants propose to create. This may not be done under the circumstances of this case.

The rule of reason is a rule of interpretation. Its office is either to give a meaning to words which the parties or their predecessors in title have actually used, as was done in *Farmington &c. Ass'n* v. *Trafton*, 84 N. H. 29, in which the word "necessary" was held to mean "reasonably necessary," or else to give a detailed definition to rights created by general words either actually used or, whose existence is implied by law. *Bean* v. *Coleman, supra; Whittier* v. *Winkley, supra; Olcott* v. *Thompson, supra.* This rule of reason does not prevent the parties from making any contract regarding their respective rights which they may wish, regardless of the reasonableness of their wishes

on the subject. The rule merely refuses to give unreasonable rights, or to impose unreasonable burdens, when the parties, either actually or by legal implication, have spoken generally.

In the case at bar the parties are bound by a contract which not only gave the dominant owner a way across the servient estate for the purpose of access to the rear of its premises, but also, gave that way definite location upon the ground. The use which the plaintiff may make of the way is limited by the bounds of reason, but within those bounds it has the unlimited right to travel over the land set apart for a way. It has no right to insist upon the use of any other land of the defendants for a way, regardless of how necessary such other land may be to it, and regardless of how little damage or inconvenience such use of the defendants' land might occasion to them. No more may the defendants compel the plaintiff to detour over other land of theirs.

The rule of reason is to be applied to determine whether or not the plaintiff has the right to approach the rear of its building with vehicles over eight feet high. This question having been answered in the affirmative, the plaintiff, by virtue of the grant, has the right, to use that land, and only that land, which was set apart for the purpose of a way, and it may insist upon that right regardless of whether such insistence on its part be reasonable or not.

This does not mean that the defendants may not build over the old way at all. The plaintiff has no absolute right to have the way remain open to the sky. What, if any, structure the defendants may build over the way depends upon what is reasonable. 2 Tiffany, Real Property, (2d *ed.*,) *s.* 371; 19 C. J., Easements *s.* 239. See also, *Garland* v. *Furber, supra*. The master has already found that a height of only eight feet for the old way is not reasonable. The defendants must provide more head-room. How much more is a question of fact, which may be determined later in further proceedings before the master if the defendants wish for a definition of the extent of this right.

In view of the fact that the rule of reason may not be invoked to deflect the plaintiff's reasonable travel over the new way, evidence concerning that way becomes immaterial and irrelevant, and hence it was error for the master to have admitted it. Had the rule of reason been applicable, it would not have been error to have admitted evidence regarding this other means of access since it was one of the surrounding circumstances affecting the situation (*Gardner* v. *Webster, supra; Farmington &c. Ass'n* v. *Trafton*, 84 N. H. 29), and the fact that the

defendants proposed to lay it out over their own land for the plaintiff's benefit does not render it any the less one of the surrounding circumstances.

The argument advanced that what is reasonable must be considered in the light of the situation as it was at the time the way was granted in 1849 is without merit. What is or is not a reasonable use of a way does not become crystallized at any particular moment of time. Changing needs of either owner may operate to make unreasonable a use of the way previously reasonable, or to make reasonable a use previously unreasonable. There is an element of time as well as of space in this question of reasonableness. In the absence of contract on the subject the owner of the dominant estate is not limited in his use of the way to such vehicles only as were known at the time the way was created, but he may use the way for any vehicle which his reasonable needs may require in the development of his estate. *Abbott* v. *Butler, supra*. In this respect the use of the way is analogous to the use of a highway. *State* v. *Scott*, 82 N. H. 278, 279.

*Case discharged.*

All concurred.