Sullivan
No. 78-204

GEORGE A. COTE, SR.

MYRTLE M. COTE

v.

RICHARD ELDEEN

DOROTHY ELDEEN

June 27, 1979

*Frederic T. Greenhalge*, of Concord, for the plaintiffs, by brief.

*Spanos & Spanos*, of Newport, for the defendants, waived brief and oral argument.

PER CURIAM.  We are called upon to determine whether the Superior Court (*Johnson*, J.) erred in imposing what it determined to be reasonable use limitations on the plaintiffs' exercise of an easement across the defendants' land and abused its discretion by failing to rule specifically on the plaintiffs' requests for findings of fact and rulings of law.

After the trial court's decree was entered, both parties appealed. The plaintiffs excepted to the court's ruling that they had only "a certain minimal easement right," and to the court's failure to rule on requests. The defendants excepted to the court's recognition of any easement rights in the plaintiffs. After this appeal was entered, the defendants sold their property and withdrew their exceptions to the court's decree. The new owners have not appeared. Accordingly, we consider only the plaintiffs' exceptions.

At the time this case arose, the parties owned adjacent tracts of land with frontage on a public highway known as Bog Road in Springfield. The subject of the dispute is the Old Grantham Road, running perpendicular to the Bog Road, which was discontinued as a highway by action of the superior court in 1930. The defendants own the fee to the Old Grantham Road, but the plaintiffs claim an easement to haul large quantities of gravel and wood products over it. The road crosses the defendants' land near their house, and leads to a gravel pit area located on the plaintiffs' back land. The plaintiffs have built an alternative, but less convenient, access road to the pit across their own land.

The plaintiffs' increased use of the discontinued road for large trucks hauling gravel led to a number of attempts by the defendants to

block the road. Plaintiffs then obtained a temporary injunction restraining the defendants from interfering with their use of the road. A hearing on the merits, held in September 1975, resulted in a stipulation filed by the parties, under which the plaintiffs were allowed restricted use of the road. Further confrontations and subsequent petitions for capias and contempt indicated the parties' inability to agree on the meaning of the stipulation. Two further hearings resulted in the court-imposed restrictions now contested. Specifically, the court limited the hours of commercial operation and the number of loads of gravel and wood that could be hauled per week. In addition, the plaintiffs were required to use only vehicles owned by them for the gravel and wood removal operations.

■ Plaintiffs argue that the easement recognized by the court, whether it arose by prescription or as a result of the discontinuance of a highway, may not be so restricted. We are not persuaded by this argument. The scope of a prescriptive easement is defined by the character and nature of the use that created it. *Cataldo v. Grappone*, 117 N.H. 1043, 1049, 381 A.2d 1194, 1197 (1977). The trial court made an express finding that, prior to 1970, the plaintiffs' use of the road was "only occasional and of a non-commercial nature." On the record before it, the trial court could reasonably conclude that daily commercial use of the easement by large gravel trucks exceeded the scope of any easement obtained by prescription, and could impose restrictions necessary to limit exercise of the easement to its proper scope. *New Canaan Country School v. Rayward*, 144 Conn. 637, 136 A.2d 742 (1957).

■ ■ Alternatively, if we assume that the plaintiffs' easement arose because their land abutted a discontinued public highway, the exercise of that easement would also be limited to reasonable use. The doctrine of reasonable use applies even to a right of way expressly conveyed, without restrictions.

> In this state the respective rights of dominant and servient owners are not determined by reference to some technical and more or less arbitrary rule of property law as expressed in some ancient maxim, ... but are determined by reference to the rule of reason. The application of this rule raises a question of fact to be determined by consideration of all the surrounding circumstances. . . .

*Sakansky v. Wein*, 86 N.H. 337, 339, 169 A. 1, 2 (1933) (citations omitted); *see Heston v. Ousler*, 119 N.H. 58, 398 A.2d 536 (1979). In deciding what was reasonable use, the trial court heard the testimony of witnesses, had the benefit of a view, and considered that "both parties have engaged in a series of actions designed to harass the other." "We will not substitute our own judgment for that of the trier of fact if it is supported by the evidence, especially when he has been assisted in reaching his conclusions by a view." *Heston v. Ousler*, 119 N.H. at 60, 398 A.2d at 537, *citing Gerrish v. Wishbone Farm*, 108 N.H. 237, 239, 231 A.2d 622, 624 (1967).

This decision does not prevent the present landowners "from making any contract regarding their respective rights which they may wish," with or without compensation. *Sakansky v. Wein*, 86 N.H. 337, 339, 169 A. 1, 2 (1933).

■■ Plaintiffs' argument that the trial court abused its discretion by not ruling on each of their requests for findings of fact and rulings of law is without merit. *See* RSA 491:15. The purpose of the statute "is fulfilled if the trial court files, in narrative form, the findings of essential facts which are sufficient to support his decision." *R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 767, 367 A.2d 583, 588 (1976) (citations omitted). The trial court's opinion is sufficiently detailed to comply with the statute.

*Exceptions overruled.*