Carroll
No. 80-226

NATHAN ZIMMERMAN & a.

v.

SUISSEVALE, INC. & a.

December 8, 1981

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*David J. KillKelley* on the brief and orally), for the plaintiffs.

*Sullivan, Gregg & Horton,* of Nashua (*Sherman D. Horton, Jr.,* on the brief and orally), for the defendant Speculator Realty Corp.

BOIS, J.   The sole question presented by this appeal is whether the record supports the findings of the Superior Court (*Wyman,* J.) and the verdict which the court rendered for the plaintiffs. We affirm.

This case arises from an action seeking the recovery of monies paid by the plaintiffs, Nathan and Arnold Zimmerman, under the terms of a series of land sales contracts with the defendant, Suissevale, Inc. (Suissevale). Suissevale defaulted in the underlying action and is not a party to this appeal. The plaintiffs claim that when the defendant Speculator Realty Corp. (Speculator) acquired certain assets of Suissevale, including a beneficial interest in payments received under Suissevale's land contracts, it also assumed certain direct and contingent liabilities of Suissevale, including liabilities for specified expenses incurred in previous real estate transactions.

The facts, as briefly as possible, are as follows. In 1966, the plaintiffs entered into several land sales contracts with Suissevale, a company that had undertaken a development of approximately 1,900 to 2,000 residential property lots. In August and September of 1966, each plaintiff contracted with Suissevale to buy three residential lots apiece on a time sales basis. At trial, Nathan Zimmerman testified that he and his brother acquired the lots as a prerequisite to the purchase of six additional lots, located at the entranceway to the development, upon which they intended to build a motel.

On November 27, 1966, "Herbert (father), Nathan and Arnold (brothers) Zimmerman" contracted with Suissevale to buy two additional lots on a time sales basis. The agreement had thereon two notations: the first stated that "[p]ermission to build a Swiss Style Motel to span the entrance to Suissevale is hereby granted"; the second stated that four additional designated lots were "to be sold to Zimmermans for one dollar and other consideration on or before 6-1-67—ground must be broken for a motel."

On January 19, 1967, Nathan Zimmerman received a letter from

an attorney representing Suissevale, advising him that because of pending litigation, none of the lots in the development could be used for commercial purposes. The letter further stated that Suissevale would refund all monies paid plus interest if, after resolution of the case, the corporation was unable to convey the lots for commercial use.

Nathan Zimmerman testified that, because of these assurances, he and his brother continued their time payments until late 1968, when they learned that the litigation had been decided unfavorably to the corporation. They demanded a refund of their money and were refused.

In the fall of 1968, Suissevale, wholly owned by United States Properties, Inc., was financially insolvent and its controlling shareholders, Peter B. Sholley and Joseph C. Cressey, had incurred substantial personal liabilities. As a result of this situation, Suissevale's principal mortgagee called in Banker's Credit Service, a company headed by John Ryan, to investigate possible courses of action.

In May 1969, the defendant Speculator, also controlled by Ryan, entered into a written contract with United States Properties, Inc., agreeing to purchase all of Suissevale's outstanding stock and to assume certain liabilities of Suissevale, Sholley and Cressey. When the parties failed to consummate this stock purchase agreement, they orally agreed to a partial sale of assets, whereby Speculator obtained specified Suissevale assets, and assumed certain liabilities. The written stock purchase agreement is in evidence and is pertinent only insofar as it reflects the intended terms—the consideration to be paid, the assets to be transferred and the liabilities to be assumed—of the parties' subsequent oral agreement.

The plaintiffs allege that Suissevale misrepresented that the lots could be used for commercial development. Based on this misrepresentation and the statement contained in the letter which they received from Suissevale's attorney, the plaintiffs argue that they are entitled to a refund of all monies which they paid to Suissevale. Their principal claim against Speculator is that Speculator's obligation, under its oral agreement with Suissevale, included the assumption of certain Suissevale liabilities, such as the duty to make refunds. The plaintiffs argue that extrinsic evidence, in the form of the unconsummated stock purchase agreement, supports this conclusion.

Speculator contends that if any refund is due, the plaintiffs should look to Suissevale for recovery. It concedes that the trial court's findings and judgment must be sustained if the liabilities assumed under the terms of the oral agreement encompass the

plaintiffs' claims against Suissevale. It argues, however, that the extrinsic evidence provided by this stock purchase agreement does not warrant this result, because the stock purchase agreement specified the liabilities which the defendant would assume, and did not include the plaintiffs' claims among those liabilities.

After a hearing, the court, in entering a judgment against both defendants, found as follows:

> "[T]here was an implied agreement (contract) between Suissevale, Inc. and Speculator Realty Corp. that the latter corporation's purchase of the former's assets . . . included an undertaking by Speculator to settle existing lot owners accounts as a liability of Suissevale, Inc. not otherwise specifically excluded. . . . [The] lot owners accounts, in both credit and debit aspect (of which plaintiff's claim exemplifies the latter) thus passed to Speculator Realty Corp. . . ."

■■ Our standard of review on this appeal is a narrow one. Findings and rulings falling within the discretion of the trial court will be upheld unless they are unsupported by the evidence or are erroneous as a matter of law. *Taylor v. Gagne*, 121 N.H. 948, 437 A.2d 262 (1981). The question before us is whether or not a reasonable man could have reached the same decision as the trial court based on the evidence before it. *See Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981); *Sargent Lake Ass'n v. Dane*, 118 N.H. 720, 722, 393 A.2d 559, 561 (1978).

■ The record reveals that the stock purchase agreement, although never consummated, served as a "matrix" and provided a basis for determining the intended consideration for the transfer of Suissevale's assets to Speculator. Paragraph 5 of the agreement provides for the assumption by Speculator "of certain liabilities both direct and contingent as set forth herein. . . ." It incorporates Note 8 of an attached balance sheet dated September 30, 1968, which suggests that Speculator would assume liability for "Estimated future expense to correct inequities in present lot ownership." The paragraph fails to specifically identify or limit the inequities and lots referred to.

Based on the language regarding Speculator's assumption of liability for expenses incurred in correcting property inequities, and the absence of any qualifying language, we find that the stock purchase agreement was reasonably susceptible to the interpretation given to it by the trial court. On the facts before us, we hold

that a reasonable man could have found, as the trial court did, that Speculator assumed Suissevale's liabilities to the plaintiffs.

*Exceptions overruled; affirmed.*

BATCHELDER, J., did not sit; the others concurred.