Sullivan
No. 81-284

ROBERT P. DELANEY *& a.*

v.

JOHN GURRIERI *& a.*

September 10, 1982

*Feeney & Kraeger*, of Newport (*Thomas G. Kraeger* on the brief and orally), for the plaintiffs.

*Gordon B. Flint, Jr.*, of Newport, by brief and orally, for the defendants.

BROCK, J. This is an appeal from a Master's (*Charles T. Gallagher*, Esq.) recommendation, approved by the Superior Court (*Johnson*, J.), awarding damages to the plaintiffs, Robert and Barbara Delaney, in their action against the defendants, John and Marie Gurrieri, for willful trespass on the plaintiffs' property, in violation of RSA 539:1 (Supp. 1981). We affirm.

The parties own neighboring cottages at Rocky Bound Pond in Croydon. The plaintiffs' cottage, Rocky Birch Camp, is located on the shore of the pond, while the defendants' cottage, Honeymoon Camp, is located across a roadway to the rear of the plaintiffs' property. The defendants have access to the pond over a right-of-way that crosses the plaintiffs' land.

In 1969, the plaintiffs' predecessor in title deeded this right-of-way to the defendants' predecessor in title. The defendants' deed describes the right-of-way as a ten-foot-wide strip on the westerly side of Rocky Birch cottage land for the purpose of reaching Rocky Bound Pond. From 1975 until the fall of 1979, the defendants used the right-of-way as a footpath for access to the pond. Because of its size and its topography, the pond is navigable only by small boats. The defendants, when they desired to boat on the pond, carried their boats across the right-of-way to the dock on the pond.

In the fall of 1979, the defendants constructed an addition to the front of their cottage which included large windows facing the pond. At approximately this time, they first complained to the

plaintiffs that certain trees within the right-of-way interfered with their use of the right-of-way to transport their boats to the pond. They expressed a desire to cut down the trees and put a road in the right-of-way. The plaintiffs refused the defendants permission to cut down the trees, but offered them the use of their driveway whenever they needed to back a boat trailer toward the pond. The parties' dispute over the trees could not be resolved, and in April 1980, the defendants had the trees removed, without the plaintiffs' permission.

The plaintiffs initiated the present action. After a view and a hearing, the master awarded the plaintiffs $4,281.20 in damages including the statutory penalty imposed under RSA 539:1 (Supp. 1981) for willfully and unlawfully cutting trees on the plaintiffs' property. The master found that the cutting of the trees shortly after the defendants built their addition to the cottage was "more than coincidental." He found that the defendants simply wished to improve their view of the pond from their windowed addition, which "they had no right to do under any construction of their deed." He further found that the trees did not unreasonably interfere with the defendants' use of the right-of-way.

On appeal, the defendants contend that because the master failed to apply the "reasonable use" analysis as enunciated in *Sakansky v. Wein*, 86 N.H. 337, 339, 169 A. 1, 2 (1933), to determine the rights of the respective parties to the right-of-way, his decision was contrary to the law. They also argue that his findings were against the weight of the evidence and constituted an abuse of discretion.

■■ The theory of "reasonable use" provides that the rights of the parties to a right-of-way are questions of fact that must be determined in light of the surrounding circumstances, including the location and uses of both parties' property, and by taking into consideration the advantage of one owner's use and the disadvantage to the other owner caused by that use. *Sakansky v. Wein*, 86 N.H. at 339, 169 A. at 2. The doctrine of reasonable use applies even to a right-of-way expressly conveyed, without restrictions. *See Cote v. Eldeen*, 119 N.H. 491, 493, 403 A.2d 419, 420 (1979); *see also Crocker v. Canaan College*, 110 N.H. 384, 387, 268 A.2d 844, 847 (1970).

■■ The master considered the following factors: the relative location of the parties' lots, the right-of-way, the trees, the pond and the defendants' dock; the physical characteristics and topography of the area in general, and of the right-of-way in particular; the past use of the right-of-way by the defendants; and the fact that the defendants' concern that the trees in the right-of-way prohibited

their use of it arose only after they had constructed a windowed addition to their cottage, which faced the right-of-way and the pond. Additionally, the master considered the surrounding circumstances as they existed when the right-of-way was created in 1969. *See Burcky v. Knowles*, 120 N.H. 244, 248, 413 A.2d 585, 588 (1980). By considering all the circumstances surrounding the defendants' use of the right-of-way, the master properly applied the doctrine of reasonable use. We will not overturn a master's findings if they are supported by the evidence, *Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981), especially when the master has been aided by a view in reaching his decisions. *Cote v. Eldeen*, 119 N.H. at 494, 403 A.2d at 420; *Heston v. Ousler*, 119 N.H. 58, 60, 398 A.2d 536, 537 (1979). On the basis of the evidence before him, the master could have reasonably concluded that the defendants' cutting of the trees, against the will of the plaintiffs, exceeded the scope of their right-of-way to the pond.

*Affirmed.*

All concurred.