452

Belknap
No. 85-375

## BETTY LEE DEFORGE

v.

## THOMAS BALINT & a.

August 12, 1986

*Murphy, McLaughlin & Hemeon P.A.,* of Laconia (*Matthew J. Lahey* on the brief), by brief for the plaintiff.

*Law Office of James D. O'Neill,* of Laconia (*Christina M. O'Neill* on the brief), by brief for the defendants.

JOHNSON, J. The defendants appeal from an order of the Trial Court (*O'Neil,* J.), which approved the Master's (*Robert E. Hinchey,* Esq.) report, granting the plaintiff a permanent injunction prohibiting the defendants from interfering with her right to draw water from a well located on the defendants' land. We find that the permanent injunction should not have been granted, and remand for further proceedings in accordance with this opinion.

The plaintiff and defendants are adjoining landowners in the town of Sanbornton. The plaintiff's predecessors in title acquired an appurtenant easement granting the "right to draw water from the well" for twenty dollars per year. The previous owners who created the easement made it binding on all subsequent owners of both properties. Since acquiring title to the adjoining properties, the plaintiff and the defendants have shared the use of the defendants' pump to draw water from the well.

The easement states that the annual fee must be paid if the easement is to be exercised. In the past, the plaintiff paid this fee, as well as a portion of the cost of electricity used to operate the pump which serviced the well, and shared in the cost of the pump's maintenance. During the past three years, however, the plaintiff has

refused to pay both the annual fee of twenty dollars and a share of the cost of electricity. She argues that the easement requires the defendants to pump water from the well to her property for a consideration of twenty dollars per year. As a result of her failure to pay, the defendants shut off the plaintiff's water supply, and she brought this action to enforce her rights under the easement.

The question presented to us is whether the defendants are required to *supply* the plaintiff with water from the well on their land or merely to allow the plaintiff to *draw* water from the well. We turn first to the language in the original deed to ascertain whether the easement is ambiguous. The original easement is as follows:

> "An easement or right to draw water from the well on property of Grantors as now piped to two cottages on land of Grantees. . .
>
> Grantees their heirs and assigns to pay $20.00 a year for each house or cottage so long as they exercise this easement [or right to draw water from the well].
>
> Also the right to enter upon land of grantors to relay or repair said pipe doing no unnecessary damage and returning the property as near as possible to its prior condition.
>
> This right is to run with the land and is assignable."

The easement clearly gives the plaintiff the right to draw water from the defendants' well and the right to enter the land to repair the pipe which furnishes the water. We hold that the defendants had no obligation to furnish water to the plaintiff or to furnish her a pump and power under the terms of the easement.

In *Gowing v. Lehmann*, 98 N.H. 414, 101 A.2d 463 (1953), the parties had a similar easement relative to the use of a well. The court noted that "[i]t is well settled under such circumstances that the defendant, as successor in title to the grantor of the easement, is not bound to operate or maintain the pump unless by implication from the language of the grant, there is a covenant that he should do so." *Id.* at 416, 101 A.2d at 465. We find that in this case no implication was created by the language of the easement obligating the defendants to operate and maintain a pump to furnish water to the plaintiff. The plaintiff has a right to draw water, but the defendants have no obligation to furnish it. *See Gowing supra.*

The plaintiff argues that the twenty dollars per year fee specified in the deed was intended to cover both payment for the right to draw water and reimbursement of the defendants' expenses

related to pumping the water to the plaintiff's property. The plain language of the easement does not support this interpretation. Moreover, it is a violation of the "reasonable use" standard, which requires a determination of the parties' rights under an easement in light of the surrounding circumstances and in consideration of the disadvantages to one party created by the other party's use. *Delaney v. Gurrieri*, 122 N.H. 819, 821, 451 A.2d 394, 395–96 (1982); *see also King v. Town of Lyme*, 126 N.H. 279, 285, 490 A.2d 1369, 1373 (1985). The advantage to the plaintiff of requiring the defendants to *supply* her with water from the well on their property would place the defendants at an economic disadvantage. To impose this economic burden of supplying water indefinitely at a fixed rate is unreasonable. It was not contemplated in the original parties' written agreement, and we find no ambiguity in the language of the easement which would support such an interpretation.

 The master erred when he found that the defendants, as owners of the well, should be required to pay for the cost of the pump and of the electricity to run the pump, in order to furnish water to the plaintiff under the terms of the easement. Consequently, the case is remanded to the superior court with instructions that the court order the plaintiff to pay the unpaid annual fees plus interest, and require her either to install a pump at the well at her own expense or to otherwise provide a method for determining and paying her share of the electricity and maintenance costs, as equity may require.

*Reversed and remanded.*

All concurred.