Strafford
No. 86-310

CATHERINE NADEAU

v.

THE TOWN OF DURHAM AND REAL ESTATE ADVISORS, INC.

August 17, 1987

*McNeill, Taylor & Dolan P.A.*, of Dover (*Malcolm R. McNeill, Jr.*, and *Robert J. Gallo* on the brief, and *Mr. McNeill* orally), for the plaintiff.

*Gregoire, Calivas, Morrison & Gray*, of Dover (*Chris W. Calivas* on the brief and orally), for the defendant Real Estate Advisors, Inc.

JOHNSON, J. The defendant's appeal is from a decree of the Superior Court (*Contas*, J., approving a report of the Master, *R. Peter Shapiro*, Esq.), which set aside decisions of the Durham Planning Board (the board) and the Durham Zoning Board of Adjustment (ZBA) approving the defendant's proposed development of housing for older citizens and which ruled that the

defendant's proposed use of a right-of-way was unreasonable. We affirm.

The defendant Real Estate Advisors, Inc. (Real Estate Advisors) owns property on the southerly side of Route 108, Dover Road, in Durham abutting property of the plaintiff, Catherine Nadeau. Access to the plaintiff's house is via a fifty-foot-wide strip of land owned by the plaintiff, approximately 330 feet in length, stretching from the southerly side of Route 108 to the entrance of the plaintiff's home. According to the deed from the plaintiff's predecessor in title, the fifty-foot strip of land is subject to the following restrictions:

> "Also reserving to Albert D. Van Allen and Marion N. Van Allen, their heirs, executors, administrators, and assigns from the above-described premises, a right of way Fifty (50) Feet in width to be used in common with the grantee and others running . . . a distance of approximately Three Hundred Thirty (330) Feet along the Westerly boundary of the above-described premises."

Real Estate Advisors has a twenty-foot-wide right-of-way extending for more than 300 feet over a portion of that fifty-foot strip of land, which lies along the easterly side of its boundary. The deed to the plaintiff stated that Real Estate Advisors' interest in that right-of-way is as follows:

> "Reserving . . . from the above-described premises a right-of-way Twenty (20) Feet in width . . . a distance of Three Hundred One and 5/10 (301.5) Feet, more or less. Also reserving a Twenty (20) Foot wide sewer right-of-way as it presently exists across the NorthWesterly corner of said premises."

Real Estate Advisors' lot contains a single-family dwelling and is located in a Residence A zoning district, which by special exception permits "Housing for Older Citizens" as defined in the Durham Zoning Ordinance, Article 1.40, Section n:

> "*Housing for Older Citizens* means a group of small dwelling units situated and arranged so as to provide comfort, security, social contact, convenience and congenial surroundings for permanent residents at least 55 years of age. Authority for any such developments shall be restricted to occupancy by persons of at least 55 years of age, and the selectmen may revoke the certificate of

occupancy of any owner or developer allowing occupancy by persons below such age."

On July 14, 1983, Real Estate Advisors filed an application with the planning board for site review concerning its "Housing for Older Citizens" project. The board accepted the application on August 3, 1983, and selected a site review team. Several public meetings were held concerning the defendant's proposed project. On October 5, the board unanimously approved the application for site review subject to fourteen conditions to be met by Real Estate Advisors, including the condition that a special exception be obtained from the ZBA. The plaintiff appealed the board's decision to the superior court, pursuant to RSA 36:34 (now RSA 677:15).

On October 19, 1983, Real Estate Advisors filed an application for a special exception with the ZBA. It sought to build fourteen units of "Housing for Older Citizens," utilizing the existing dwelling on its property and constructing additional units adjacent to that dwelling. There would be twenty-seven parking spaces, two within the existing garage, and the remaining twenty-five outdoors. Access to Route 108 would be through an entrance located on the defendant's parcel, and the twenty-foot easement would be utilized as part of the parking and turn-around area for the project. The ZBA granted the special exception on November 21, provided that restrictive covenants be recorded giving Durham the right to enforce the age restriction.

The plaintiff filed a motion for rehearing with the ZBA, which was denied, and then appealed to the superior court. On April 10, 1985, while both appeals were pending before the superior court, the plaintiff filed a motion to remand. An order granting the remand was recommended by the master and approved by the court. The board and the ZBA were directed to consider the issues of access to the housing project and traffic safety, and the court retained jurisdiction in order to expedite any further appeals.

The board held two hearings on remand, on July 10, and July 24, 1985, and voted again to approve the application for site review. At the two hearings, the board heard testimony and received information regarding traffic safety, including a controversial traffic report.

The ZBA held a public hearing on September 3, 1985, to review the special exception application in light of the traffic safety issue. The ZBA met again on September 10, when one of its members stated that he had taken an independent view of the site and was concerned about traffic and pedestrian safety in the area. At that September 10 meeting, the ZBA voted to reaffirm its grant of a

special exception to Real Estate Advisors, with conditions additional to those it had imposed previously.

The plaintiff filed a motion for rehearing, which was denied on October 15. The plaintiff filed a formal affirmation of appeal with the superior court concerning both the planning board and the ZBA decisions.

The plaintiff also filed a declaratory judgment action in the superior court seeking to have the proposed use of the twenty-foot right-of-way deemed unreasonable. The three cases were consolidated, and a trial was held before the master in December, 1985. On recommendation of the master dated May 9, 1986, the court on May 13 set aside both the board and the ZBA decisions and barred the proposed use of the right-of-way. The defendant appealed.

Real Estate Advisors presents the following issues for our review: (1) whether the master erred in finding that Real Estate Advisors' planned use of the right-of-way was unreasonable and, therefore, impermissible; (2) whether the master erred in setting aside the board and ZBA decisions based on a finding that both unreasonably relied on the traffic report; and (3) whether the master erred in setting aside the decisions based on procedural irregularities; *i.e.*, that the ZBA failed to consider diminution in value to surrounding property, that there were different memberships of the 1983 ZBA and the 1985 ZBA, that the independent site visit by one member of the ZBA resulted in a denial of constitutional due process, and that the ZBA purportedly refused to answer the plaintiff's thirty requests for findings of fact and rulings of law. Our decision on the first issue is dispositive of this appeal and, thus, we need not address the others.

On appeal, we will uphold the trial court unless its decision is not supported by the evidence or is legally erroneous. *See Durant, supra* at 357, 430 A.2d at 144. We look to whether a reasonable person "could have reached the same decision as the trial court based on the evidence before it." *Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981).

Turning then to the dispositive issue in this case, we consider whether Real Estate Advisors' proposed use of the existing twenty-foot right-of-way is reasonable. We hold that the trial court's decision that it is not reasonable was supported by the evidence and, therefore, affirm.

The chains of title in the plaintiff's and Real Estate Advisors' property can be traced back to Albert Smart and Edmund and Evelyn Cortez. In the original grant of property from Smart to Albert and Marion Van Allen, a portion of which later became the

plaintiff's property, the deed reserved to Edmund Cortez, Real Estate Advisors' predecessor in title, the twenty-foot right-of-way which is the subject of the current controversy. The history of this right-of-way is that it has been used essentially as a driveway to a single-family residence. Real Estate Advisors proposes that it be used as a portion of the parking lot and turn-around area for fourteen condominium units.

We have for some time adhered to the standard of reasonable use in property cases such as this. *Sakansky v. Wein*, 86 N.H. 337, 169 A. 1 (1933). That is, in determining whether an increased use or a different use of a right-of-way or easement is permissible, we look to the reasonableness of the proposed use.

"The rule of reason is a rule of interpretation. Its office is either to give a meaning to words which the parties or their predecessors in title have actually used, . . . or else to give a detailed definition to rights created by general words either actually used or whose existence is implied by law."

*Id.* at 339, 169 A. at 2.

The plaintiff argues that the proposed use of this right-of-way is a "substantial deviation" from the original grant and the history of its use. Real Estate Advisors argues to the contrary. It asserts that, although the use of the land had not been intensified in the past, at the time of the establishment of the right-of-way the land could have been developed for multiple single-family homes, and the contemplated use of the right-of-way by the original parties to the grant was, therefore, much more substantial than the plaintiff concedes. In *Downing House Realty v. Hampe*, 127 N.H. 92, 497 A.2d 862 (1985), we stated that "[t]he uses to which easements may be put are questions of fact to be arrived at by considering all of the surrounding circumstances, including location, the uses of both parties' properties and '"the advantage of one owner's use and the disadvantage to the other owner caused by that use."'" *Id.* at 96, 497 A.2d at 865 (quoting *Delaney v. Gurrieri*, 122 N.H. 819, 821, 451 A.2d 394, 394 (1982)). *See also Titcomb v. Anthony*, 126 N.H. 434, 438–39, 492 A.2d 1373, 1376 (1985).

Real Estate Advisors asserts that our decision here should be governed by *Donaghey v. Croteau*, 119 N.H. 320, 401 A.2d 1081 (1979), where we stated that the use of a right-of-way must be reasonable and must take into account the parties' contemplated use of the property, as well as any changed circumstances which have

occurred. *Id.* at 324, 401 A.2d at 1084. Apparently, if Real Estate Advisors fails in its argument concerning the original contemplation of the parties, it would have us conclude that the circumstances in Durham, or at least in this area of the town, have changed in such a way that we should consider the increased use of the right-of-way a reasonable use.

We are not persuaded by Real Estate Advisors' arguments. The master viewed the subject property, considered the proposed use, the rights and burdens of the parties at the time of the creation of the right-of-way, the reasonable expectations of the parties relative to its future use, changed circumstances of the parties, and the advantages and disadvantages of the proposed use to each party. The master found that at the time of the creation of the right-of-way,

> "the parties contemplated that at best, the defendant['s] . . . predecessor in title . . . had two (2) lots which could contain on each lot, a single family dwelling with a small attached apartment. . . . It was not initially contemplated or reasonably foreseen that the[se] . . . lots would or could be developed for fourteen (14) units of housing."

In addition, the master stated that if the proposed use of the right-of-way is permitted, the plaintiff would be substantially adversely affected. That is, there would be increased noise, traffic and lighting which would diminish the plaintiff's use and quiet enjoyment of her property. Accordingly, the master found that the proposed use of the right-of-way by Real Estate Advisors was not permissible under "the rule of reason." *Sakansky*, 86 N.H. at 339, 169 A. at 2. "We will not overturn a master's findings if they are supported by the evidence . . . especially when the master has been aided by a view in reaching [a] decision[ ]." *Delaney v. Gurrieri*, 122 N.H. at 822, 451 A.2d at 396.

We have reviewed the master's report and considered the neighborhood surrounding the right-of-way, the history of the use of the right-of-way and the use to which Real Estate Advisors proposes to put the property and the right-of-way. We hold that the master could reasonably have concluded that the right-of-way would be overburdened by Real Estate Advisors' proposed use thereof and, therefore, affirm the master's decision.

Since the issue of the reasonableness of the right-of-way is dispositive, we need not address the other issues presented by the defendant. The decision of the trial court is affirmed.

*Affirmed.*

All concurred.