**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0516, <u>Kenneth J. Doerr & a. v. Philip Tuomala & a.</u>, the court on August 10, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioners, Kenneth J. Doerr and Evelyn M. Doerr, appeal an order of the Superior Court (<u>Colburn</u>, J.) limiting their use of an easement over property owned by the respondents, Philip Tuomala and Dawn Tuomala. We reverse.

This is the second time that these parties have come before us. A more detailed account of the underlying facts and procedural history can be found in our previous order, <u>see</u> <u>Kenneth J. Doerr & a. v. Philip Tuomala & a.</u>, No. 2012-0598 (N.H. Dec. 3, 2013). We recite only those facts pertinent to this appeal.

The petitioners own a parcel of land in Wilton, near another parcel owned by the respondents. In prior litigation, the petitioners claimed that they had an easement (Easement C) by deed that traversed the respondents' property. Following a bench trial, which included a view, the trial court ruled that, although Easement C benefitted the petitioners' property, it was a purely personal driveway to the respondents' home over which the petitioners had no right of way. Given the court's conclusion, it did not address the respondents' adverse possession claim.

The petitioners appealed, and the respondents cross-appealed. We affirmed the court's ruling that the easement benefitted the petitioners' property; however, we reversed the court's decision that Easement C was a purely personal driveway over which the petitioners had no deeded right of way and remanded for the court to address the adverse possession issue.

The court held a hearing in May 2014 to address the adverse possession issue. In addition to arguing that Easement C had been extinguished by the respondents' adverse possession, the respondents argued that, if the easement were not so extinguished, the court should place reasonable restrictions upon the petitioners' use of the easement. In response, the petitioners argued that the respondents' actions were insufficient to extinguish the easement and that the issue of reasonable restrictions was not properly before the court as the respondents had not previously raised the issue.

The trial court first determined that the respondents' actions were insufficient to extinguish the easement by adverse possession. See Titcomb v. Anthony, 126 N.H. 434, 437-38 (1985) (explaining when easements acquired by grant may be extinguished through adverse possession). The court then determined that, because it had sufficient facts to decide the restrictions issue, the petitioners' use of Easement C was subject to the "rule of reason" and, thus, their use could be restricted.

The court noted that there was no need for the petitioners to use Easement C to access their property. The court also found that, because the petitioners used their property only for recreational purposes, "[t]heir use of Easement C is purely for recreational pleasure." By contrast, the court found that the respondents needed to use Easement C to access their home and that, therefore, "they alone must maintain it to ensure that they and emergency vehicles have access." The court also explained that because "it is a narrow dirt road and portions of it are at times under water[,] [b]reak downs are not unlikely and any disabled vehicle on [it] could potentially block the limited access that the [respondents] and any emergency vehicle have." According to the court, "any increased vehicular traffic could result in increased maintenance and affect the [respondents'] own access to their home." Because the petitioners had "no need for access on Easement C," the court determined that "any vehicular use by them would greatly disadvantage the [respondents] while not benefitting the [petitioners] in any meaningful way."

Therefore, the court concluded that the petitioners "should be reasonably limited in their use of Easement C to non-vehicular traffic." The court also decided that "as there is no need for the [petitioners] to use Easement C to gain access to their property, use after daylight hours is only appropriate with prior approval from the [respondents]." Accordingly, the court granted the petitioners' request for a permanent injunction to enjoin the respondents from preventing their use of Easement C, but with the restrictions noted above.

The petitioners unsuccessfully moved for partial reconsideration; in its denial of the petitioners' motion, the court clarified that its "reference to vehicular traffic in its prior order[] was intended to mean motorized vehicles, not bicycles." This appeal followed.

We observe that the respondents do not challenge the trial court's conclusion that their actions were insufficient to extinguish Easement C by adverse possession. Accordingly, we address only whether the court erred by imposing the restrictions upon the petitioners' use of Easement C when it granted the injunction. In doing so, we consider the transcript from the 2012 trial to be part of the record in this appeal because the trial court relied upon it, as do the parties.

2

It is within the trial court's sound discretion to grant an injunction after consideration of the facts and established principles of equity.  Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 66 (2012).  The decision to grant equitable relief necessarily depends upon the factual circumstances in each case.  See Exeter Realty Co. v. Buck, 104 N.H. 199, 200 (1962).  We will uphold the trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law.  Malborn Realty Trust, 164 N.H. at 66.  We will uphold the issuance of an injunction absent an error of law, an unsustainable exercise of discretion, or clearly erroneous findings of fact.  Id.

The petitioners first assert that "[s]everal overlapping doctrines," including preservation, either prohibit us, or prohibited the trial court, from considering the respondents' claim that the petitioners' use of Easement C should be restricted pursuant to the rule of reason.  Alternatively, the petitioners argue that, even if the issue was properly before the trial court and is properly before us now, the trial court erred by imposing the restrictions.  Because we agree that the court erred by imposing the restrictions, we assume without deciding that the issue was properly before the trial court and is properly before us.

According to the petitioners, the trial court erred by relying upon the rule of reason to interpret the plain and unambiguous deed granting the easement, which provides that the petitioners "shall have . . . unlimited rights of way."  However, this is not what the trial court did.

The rule of reason has two separate applications.  We use the rule of reason "to interpret and give reasonable meaning to general or unclear terms in the deed language granting an easement," but we also use it, "irrespective of the deed language," to "determine whether a particular use of the easement would be unreasonably burdensome."  Heartz v. City of Concord, 148 N.H. 325, 331 (2002); see Thurston Enterprises, Inc. v. Baldi, 128 N.H. 760, 766 (1986) (noting that "an easement created by deed is always limited to a reasonable use").

Here, the trial court used the rule of reason only to evaluate the use of the easement.  The petitioners do not challenge the trial court's use of the rule of reason for this purpose.  Accordingly, we uphold the trial court's use of the rule of reason.  See Flanagan v. Prudhomme, 138 N.H. 561, 574 (1994) (noting that even "[a]n unrestricted right-of-way is subject to a determination of reasonable use"); Delaney v. Gurrieri, 122 N.H. 819, 821 (1982) ("The doctrine of reasonable use applies even to a right-of-way expressly conveyed, without restrictions.").

3

The petitioners next argue that, even if the rule of reason applies, the trial court erred by imposing the use restrictions. The respondents counter that the court did not so err because the restrictions are reasonable and are supported by the evidence.

The rule of reason provides that the rights of the parties to a right of way are questions of fact that must be determined in light of the surrounding circumstances, including the location and uses of both parties' property, and by taking into consideration the advantage of one owner's use and the disadvantage to the other owner caused by that use. Titcomb, 126 N.H. at 438-39. We will not overturn the factual findings of the trial court, particularly when aided by a view of the property in question, when they are supported by the evidence. Arcidi v. Town of Rye, 150 N.H. 694, 702 (2004).

Here, the restrictions that the trial court imposed upon the petitioners' use of the easement were not based upon evidence in the record about their actual or intended use of the easement. Indeed, the respondents concede that the petitioners have only used the easement once. There is no evidence that when the petitioners used the easement the one time they blocked the easement, obstructed the respondents' access to their home, or required the respondents to incur increased maintenance costs. Nor is there evidence that the petitioners intend to use the easement in such a manner as to cause any such problems for the respondents.

Instead, the trial court based its restrictions upon the respondents' conjecture and speculation about the petitioners' potential future use of the easement. For instance, the respondents speculated that increased traffic through the easement would impair their enjoyment of it and increase their costs to maintain it. They also speculated that disabled vehicles could block their access to their home and could block the access of emergency vehicles. The respondents' speculation and conjecture is insufficient, as a matter of law, to support the restrictions that the trial court imposed upon the petitioners' use of the easement. See State v. Pessetto, 160 N.H. 813, 818 (2010) (noting that State's speculation "is not evidence"); In the Matter of Donovan & Donovan, 152 N.H. 55, 59 (2005) (vacating trial court's order modifying father's monthly child support obligation because court relied upon father's speculation, which was unsupported by any evidence, regarding mother's employment).

Accordingly, we conclude that the trial court unsustainably exercised its discretion by imposing the restrictions upon the petitioners' use of Easement C, and we, therefore, reverse its ruling imposing those restrictions. We observe, however, that if the petitioners' actual use of the easement becomes unreasonably burdensome without the restrictions in place, the respondents may, at that time, petition the court for relief. See Arcidi, 150 N.H. at 702

4

("What is or is not a reasonable use of an easement does not become crystallized at any particular moment of time.").  Given our decision, we need not address the petitioners' remaining arguments.

Reversed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**