NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
Case No. 2021-0601
Citation: Harvey v. Town of Barrington, 2024 N.H. 10


CANDICE K. HARVEY

v.

TOWN OF BARRINGTON

Argued: January 25, 2023
Opinion Issued: February 27, 2024


Casassa Law Office, of Hampton (Daniel R. Hartley on the brief and orally), for the plaintiff.


Mitchell Municipal Group, P.A., of Laconia (Laura Spector-Morgan), for the defendant, filed no brief.


Wyskiel, Boc, Tillinghast & Bolduc, PA, of Dover (Christopher A. Wyskiel and Laurie S. Young on the brief), for the intervenor.[1]

---

[1] After the intervenor filed its brief in this court, we granted a motion to substitute David and Glenda Henderson for Garvey & Company, Ltd.  In addition, Wyskiel and Young, counsel for Garvey & Company Ltd., were withdrawn as attorneys in this appeal.  See Order dated December 27, 2022.

David R. Henderson and Glenda J. Henderson, self-represented substitute intervenors, filed no brief.

HANTZ MARCONI, J.

[¶1] The plaintiff, Candice K. Harvey, challenges the order of the Superior Court (Howard, J.) affirming the Town of Barrington Planning Board's (Board) approval of a subdivision on a lot abutting her property. We reverse and remand.

I

[¶2] We draw the following facts from the trial court's order or the record on appeal. In 2006, the Board approved a subdivision plan (the 2006 plan) for a lot in Barrington owned by David and Glenda Henderson. The subdivision created lot 1-0 (the front lot), which the plaintiff acquired, and lot 1-1 (the back lot), which the Hendersons retained. Before the Board approved the subdivision, the Barrington Zoning Board of Adjustment (ZBA) granted a special exception "allowing access to Lot 1-1 [the back lot] via an access and utility easement across Lot 1-0 [the front lot]." Although the back lot has its own road frontage, it relies on the easement for access because the frontage is wetlands. The 2006 plan shows the back lot's frontage to the west of the front lot along a narrow neck, and shows a utility and access easement across the east side of the front lot. The plaintiff's deed to the front lot states that it is "[s]ubject to a forty foot (40′) wide access and utility easement to benefit Lot 1-1 as shown on the" 2006 plan. Note 12 to the 2006 plan states:

> The 40′ Wide Access & Utility Easement across Lot 1-0 to benefit Lot 1-1 is to be used for a single lot and one buildable location on Lot 1-1 only. When and if a road on the frontage of Lot 1-1 is ever constructed the access easement across Lot 1-0 will be eliminated and access to Lot 1-1 would be via the new road.

The easement was created to access the back lot while avoiding the wetlands.

[¶3] In 2021, the Hendersons sought a variance from the ZBA that would allow the back lot to be used for two additional lots. The ZBA approved a variance that allowed one additional lot. The plaintiff did not appeal the decision of the ZBA.

[¶4] Following ZBA approval, the intervenor, Garvey & Company, Ltd., on behalf of the Hendersons, applied to the Board for approval to subdivide the back lot into two residential lots. The proposed access to the two lots was via the easement over the front lot. At a public hearing before the Board, the plaintiff protested that the easement would be used for accessing two lots instead of one.

By a 5-2 vote, the Board conditionally approved the intervenor's application.

[¶5] The plaintiff appealed to the superior court requesting a reversal of the Board's approval of the subdivision. Following a hearing, the trial court affirmed the Board's decision, citing the ZBA's and the Board's respective authority to approve variances and amend subdivision plans under New Hampshire law. In affirming, the trial court also concluded that "the ZBA considered all evidence presented at the public hearing and did not find that the increased use of the access and utility easement constituted overburdening."

[¶6] This appeal followed.

II

[¶7] The trial court's review of planning board decisions is limited as the trial court must uphold a planning board's decision unless "there is an error of law or when the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is unreasonable." RSA 677:15, V (2016). The trial court must treat factual findings of the planning board as prima facie lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law. Trustees of Dartmouth Coll. v. Town of Hanover, 171 N.H. 497, 504 (2018). The trial court determines, not whether it agrees with the findings of the planning board, but whether there is evidence upon which those findings could have been reasonably based. Id.

[¶8] Our review of the trial court's decision arising from a decision of a planning board is similarly limited. Girard v. Town of Plymouth, 172 N.H. 576, 581 (2019). We will reverse the trial court's decision only if it is not supported by the evidence or is legally erroneous. Id. Our inquiry is whether a reasonable person could have reached the same decision as the trial court based on the evidence before it. Id. at 582.

[¶9] The plaintiff argues that the trial court erred by upholding the Board's decision to approve a second lot in reliance on the deeded easement, which, she argues, restricts access to only one lot. She also argues that the ZBA lacked the authority to modify the easement by modifying the restrictions in the 2006 plan, which were incorporated into her deed. We agree with the plaintiff and conclude that the trial court erred because the easement provides access to only one lot.

[¶10] Under RSA 674:41, a local planning board may not approve a subdivision application unless the subdivision meets certain access requirements. See RSA 674:41 (2016). RSA 674:41 states that "no building shall be erected on any lot within any part of the municipality nor shall a building permit be issued for the erection of a building unless the street giving access to the lot" meets one of several conditions. RSA 674:41, I; see also Turco v. Town of Barnstead, 136 N.H. 256, 265 (1992) ("This court has held that the statute applies with equal force to

3

building permits and subdivision permits."). The statute lists several types of streets that can satisfy the access requirement, including "private road[s]." RSA 674:41, I(a)-(e). Here, the access is proposed via the private easement over the front lot. See RSA 674:41, I(d).

[¶11] We begin by interpreting the easement language in the plaintiff's deed. The proper interpretation of a deed is a question of law. Lynn v. Wentworth By The Sea Master Ass'n, 169 N.H. 77, 84 (2016). We therefore review the trial court's interpretation of a deed de novo. Id. When interpreting a deed, we give it the meaning intended by the parties at the time they wrote it, taking into account the surrounding circumstances at that time. Id. If the language of the deed is clear and unambiguous, we will interpret the intended meaning from the deed itself without resort to extrinsic evidence. Id. If, however, the language of the deed is ambiguous, extrinsic evidence of the parties' intentions and the circumstances surrounding the conveyance may be used to clarify its terms. Id.

[¶12] An easement may be created by "a written conveyance and a plan together." Soukup v. Brooks, 159 N.H. 9, 14 (2009). A deed constitutes a written conveyance when it "expressly conveys an easement." Id. at 14, 17. Here, the recorded deed from the Hendersons to the plaintiff expressly retained "a forty foot (40′) wide access and utility easement to benefit Lot 1-1 as shown on the [2006 plan]." Through this reference, the 2006 plan became part of the recorded deed. See 14 Michael Allan Wolf, Powell on Real Property § 81A.05(3)(g), at 81A-103 (2023) ("When a deed clearly indicates that the description in a plat is to be incorporated by reference, the plat itself, as well as all of its words, marks, and drawings, become as much a part of the deed as if they had been written out at length therein." (emphasis added)); see also Duchesnaye v. Silva, 118 N.H. 728, 732 (1978). Accordingly, the 2006 plan and the recorded deed, together, created the easement here.

[¶13] Note 12 of the 2006 plan states that the easement "is to be used for a single lot and one buildable location on Lot 1-1 only." While we agree with the trial court that conditions imposed on a subdivision plan may be later modified, we interpret the language of the deed as it existed at the time the easement was created. See Lynn, 169 N.H. at 84; Dumont v. Town of Wolfeboro, 137 N.H. 1, 5 (1993) ("Defining the rights of the parties to an expressly deeded easement requires determining the parties' intent in light of circumstances at the time the easement was granted." (emphasis added)). Note 12 of the 2006 plan clarifies that when the easement was created, the parties intended that the easement "be used for a single lot." Once an easement is created, neither the Board nor the ZBA can change its terms as they might change a subdivision plan. Cf. Arcidi v. Town of Rye, 150 N.H. 694, 703-04 (2004) (determining that the language of an easement deed prohibited the town from using the easement beyond its original intent). Accordingly, the trial court erred when it concluded that note 12 of the 2006 plan no longer restricted the use of the easement to one lot.

4

[¶14] Given this limitation on the access easement, the Board's decision to conditionally approve the subdivision contradicts the requirements of RSA 674:41. The statute requires that the lot have access to a street. RSA 674:41, I. Currently, there is no access for two lots over this easement as it is limited to "a single lot and one buildable location." Thus, the Board was precluded from approving the new plan absent legal access to the back lot consistent with RSA 674:41. See Turco, 136 N.H. at 265.

[¶15] The intervenor argues that under Feins v. Town of Wilmot, "the intent of an original subdivision has no bearing on a future decision to re-subdivide." In Feins, we determined that a purported inconsistency with the original intent is not a proper basis for a Board to deny an application for re-subdivision. Feins v. Town of Wilmot, 154 N.H. 715, 719 (2007). The issue in Feins, however, differs from the issue here. Here, the issue concerns the effect of an easement restriction on an application to subdivide. Whereas, in Feins, the issue was simply the modification of a prior subdivision. See id. at 717-18. Because the issues differ, Feins offers little guidance.

[¶16] Finally, we address the intervenor's argument that the trial court's interpretation comports with the rule of reason as stated in Sakansky v. Wein. See Sakansky v. Wein, 86 N.H. 337, 339-40 (1933). The rule of reason requires the court to "give a meaning to words which the parties or their predecessors in title have actually used . . . or else to give a detailed definition to rights created by general words either actually used or, whose existence is implied by law." Id. at 339. However, when the words of a deed are clear and their meaning unambiguous, we need not rely on the rule of reason. Heartz v. City of Concord, 148 N.H. 325, 331 (2002). The intervenor argues that the rule of reason applies because the words "[s]ubject to" in the plaintiff's deed are "general in nature," and can be interpreted consistently with the ZBA's and Board's "reasonable approvals." We disagree. The language "[s]ubject to a forty foot (40′) wide access and utility easement to benefit Lot 1-1 as shown on the above-referenced plan" is specific. This language states that the deed is subject to an access easement, and that the details of the easement are provided on the 2006 plan. That plan limits the use of the easement to "a single lot." Thus, the rule of reason is inapplicable. See id.

[¶17] We reverse the decision of the trial court and remand with instructions to vacate the Board's approval of the subdivision application.

Reversed and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.